Petition for Writ of Mandamus
Denied and Memorandum Opinion filed August 25, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00692-CR

____________

 

IN RE JACKIE WAYNE NEWSOME, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

240th District Court

Fort Bend County, Texas

Trial Court Cause No. 53636




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            On
August 12, 2011, relator Jackie Wayne Newsome filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relator complains that respondent, the Honorable Thomas
Culver, presiding judge of the 240th District Court of Fort Bend County, has
not ruled on his motion for judgment nunc pro tunc to grant him additional
pre-sentence jail time credit.  See Ex parte Ybarra, 149 S.W.3d 147,
148–49 (Tex. Crim. App. 2004).

To be entitled to mandamus relief in a criminal case, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and that what
he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 
Consideration of a motion that is properly filed and before the court is a
ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987) (orig. proceeding).  A relator must establish the trial court
(1) had a legal duty to rule on the motion; (2) was asked to rule on the
motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App.—Waco 2003, orig. proceeding); In re Villarreal, 96 S.W.3d
708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that
trial court received, was aware of, and was asked to rule on motion).  

Relator states that he filed a motion for judgment
nunc pro tunc on August 3, 2011.  There is no indication in the record before
this court that the motion for judgment nunc pro tunc was filed in the trial
court.  There is no file mark on the motion.  See Tex. R. App. P.
52.7(a)(1) (requiring certified or sworn copy of every document material to
relator’s claim for relief to be filed with petition for writ of mandamus).  Relator
has not established that the motions were properly filed and that the trial
court was asked to rule on them but failed to do so.  Furthermore, the record
does not include any documentation verifying the dates and events alleged to be
the basis of relator’s time-credit claim.  A relator must furnish a record
sufficient to support his claim for mandamus relief.  See Tex. R. App.
P. 52.3(k), 52.7(a); see also Walker v. Packer, 827 S.W.2d 833, 837
(Tex. 1992).  

Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).