**Ex Parte Fermin Martinez YBARRA, Applicant.**

No. 75032.

Court of Criminal Appeals of Texas.

Oct. 27, 2004.

Fermin Martinez Ybarra, pro se.

Michael Wenk, District Attorney, San Marcos, Matthew Paul, State's Atty., Austin, for State.

---

8. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim.App.2003).

9. *See* TEX. R. EVID. 503(d)(1)(crime-fraud exception).

10. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

## OPINION

PER CURIAM.

This is an application for a writ of habeas corpus which was transmitted to this Court pursuant to the provisions of Tex. Code Crim. Proc., Article 11.07 (West 2004). Applicant was convicted of the offense of attempted sexual assault, aggravated assault on a peace officer, and retaliation. The three convictions resulted from three separate counts in one indictment, cause number CR–94–424. Punishment was assessed at ten years' confinement to run concurrent for each count. There was no direct appeal.

Applicant contends that he is entitled to 112 days of jail time credit from June 25, 1994, to October 15, 1994, for time spent confined in the county jail from the date of his arrest to the date of his release on bond. Since Applicant alleges he is within 180 days of his presumptive parole date, he fits within an exception enumerated in Tex. Gov't Code § 501.0081(c) (West 2004).[1] Applicant was sentenced on July 6, 1995, and given back time credit from May 12, 1995, to date of judgment and sentence. Therefore, the time Applicant requests is pre-sentence jail time credit.[2]

The Applicant alleges that he has filed a motion for judgment *nunc pro tunc* in the convicting court, requesting that this pre-sentence jail time be credited to him, but the trial court had not ruled on the motion when he filed the writ application. As a result of the writ filed by Applicant, the trial court issued an order finding that there were no controverted previously unresolved issues of fact material to the legality of the petitioner's confinement. The trial court did not find that the Applicant had already received the credit by way of a *nunc pro tunc* order, and the record is silent on what action, if any, the trial court took on the motion.

The trial court is required to grant the Applicant pre-sentence jail time credit when sentence is pronounced. Tex.Code Crim. Proc. art. 42.03 § 2(a) (West 2004). In the event the court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so. Tex.R.App. P. Rule 23.2. Further, we have held that matters which may be raised and resolved by *nunc pro tunc* proceedings should not be considered by way of writ of habeas corpus. *See Ex parte Pena*, 71 S.W.3d 336, 336–337 (Tex. Crim.App.2002) (a claim that a judgment is inaccurate, which is neither a claim of jurisdictional defect nor a violation of constitutional or fundamental rights, is not a basis for habeas relief under article 11.07 of the Texas Code of Criminal Procedure); *see also Ex parte Patterson*, 139 Tex.Crim. 489, 496, 141 S.W.2d 319, 323 (1940) (a mere irregularity in a judgment may be corrected by *nunc pro tunc* proceeding, but "the matter was not a subject for the granting of the writ of habeas corpus") (citing *Ex parte Beeler*, 41 Tex.Crim. 240, 241, 53 S.W. 857, 857 (1899)).

The appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, as Applicant alleges he has

---

**1.** The requirement of section 501.0081 is not applicable to mandamus proceedings, since the plain language of the statute states that an applicant is required to exhaust with the Texas Department of Criminal Justice, Correctional Institutions Division, administrative system before filing an application for a writ of habeas corpus.

**2.** If Applicant has been incarcerated past his presumptive discharge date, this is no longer a time credit claim but an illegal confinement claim.

done in this case. If the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do so. *See e.g. Padilla v. McDaniel,* 122 S.W.3d 805 (Tex.Crim.App.2003) (when a court of appeals and this Court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so.)

Accordingly, this application is dismissed.