NUMBER 13-05-066-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_______________________________________________________
 

IN RE GRACIANO ALVARADO

_______________________________________________________

On Petition for Writ of Mandamus
_______________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Garza, and Wittig


 
Per Curiam Memorandum Opinion




         Relator, Graciano Alvarado, filed a petition for writ of mandamus in the above
cause on February 2, 2005. The Court requested that the real party in interest, the
State of Texas, by and through the Criminal District Attorney in and for Hidalgo
County, Texas, file a response to relator’s petition for writ of mandamus on or before
February 21, 2005. The real party in interest filed a motion for extension of time to
file its response. The Court grants this motion, and the real party in interest’s
response was filed on March 4, 2005. 
         The Court, having examined and fully considered the petition for writ of
mandamus and response thereto, is of the opinion that relator has not shown himself
entitled to the relief sought. 
         Through his petition for writ of mandamus, relator seeks to compel the
Honorable Leticia Lopez, presiding judge of the 389th Judicial District Court of Hidalgo 
County, Texas, to credit him for time served. According to relator, he has filed a
petition requesting that Judge Lopez enter a judgment nunc pro tunc correcting the
amount of time relator served.


 However, the judgment signed by Judge Lopez on
December 9, 2002, previously credited relator with 188 days of jail time. Thus, we
are not presented with a factual situation where the judge has failed to give the inmate
proper pre-sentence jail time credit in the judgment. See Ex Parte Ybarra, 149 S.W.3d
147, 148-149 (Tex. Crim. App. 2004) (trial court has authority to correct judgment
to reflect appropriate time credit by nunc pro tunc order and should do so). Although
couched in terms of compelling the trial court to enter an order nunc pro tunc, relator
actually seeks to compel the trial court to order the Texas Department of Criminal
Justice, Institutional Division, to properly credit his jail time (already reflected in the
judgment).


 Relator gives no indication that he has sought administrative relief from
the agency in question.
         The Texas Government Code Section 501.0081 sets forth the proper procedure
to be followed in resolving complaints regarding time-served credit. See Tex. Gov't
Code Ann. § 501.0081 (Vernon Supp. 2004-05). Relator apparently has not utilized
this available remedy.
         Because Gutierrez has not shown that he has exhausted his administrative
remedies, we DENY his petition for writ of mandamus. Tex. R. App. P. 52.8(a); see In
re Gutierrez, No. 04-04-00144-CV, 2004 Tex. App. LEXIS 2395, *2 (Tex. App.–San
Antonio Mar. 17, 2004, orig. proceeding) (designated for publication). 
          

                                                                        PER CURIAM

Do not publish.
Tex.R.App.P.47.2(b)
Memorandum Opinion delivered and filed
this 29th day of April, 2005.