In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-037 CV


____________________



IN RE PATRICK CHRISTOPHER ROLLE






Original Proceeding






 MEMORANDUM OPINION 


 Patrick Christopher Rolle seeks mandamus relief to compel the trial court to transmit
to this Court "a copy of the application for nunc pro tunc, any answer filed, and a certificate
reciting the date upon which that finding was made" in Cause No. 83465. To obtain
mandamus relief, the relator must demonstrate that (1) he has no other adequate legal
remedy, and (2) under the relevant facts and law, the act sought to be compelled is purely
ministerial. State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927
(Tex. Crim. App. 2001). An act is ministerial if it does not involve the exercise of any
discretion and the relator has a clear and indisputable right to relief. Id. 

 Rolle filed a motion for judgment nunc pro tunc in which he applied for 201 days of
"backtime," which we assume refers to presentence jail time credit. The trial court has the
authority to correct the omission of presentence jail credit through judgment nunc pro tunc. 
Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004). Mandamus is available to compel
the trial court to respond to a nunc pro tunc motion for presentence jail credit. Id. at 249. 
Nowhere in Rolle's petition does he claim that he presented the motion for judgment nunc
pro tunc to the trial court and that the trial court refused to consider the motion. (1) Instead,
Rolle complains that he repeatedly asked the district clerk to forward a copy of his
application, any answer, and a certificate to the Court of Appeals. The relator does not
identify to what end he wants documents forwarded to this Court, but he does not contend
that the trial court ruled on the merits of the application for credit on the sentence. If there
is no trial court ruling for this Court to review, whether through mandamus or appeal, we
discern no purpose in compelling the trial court to have a record prepared. That is the only
relief sought in the petition. 

 The relator has not shown that he is entitled to the relief sought. The petition for writ
of mandamus, filed February 6, 2006, is DENIED. 


 PER CURIAM


Opinion Delivered February 16, 2006

Before Gaultney, Kreger, and Horton, JJ.









1. Were Rolle complaining that the trial court is ignoring the motion for judgment
nunc pro tunc, we would expect the relator to describe the efforts he has taken to obtain
a ruling and establish that the motion awaited disposition for an unreasonable length of
time under the circumstances of this particular case. See In re Bates, 65 S.W.3d 133,
134-35 (Tex. App.-Amarillo 2001, orig. proceeding).