IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                             NO.
WR-58,447-03



 

 

                                EX
PARTE SEAN ARASH FOROOGHI, Applicant

 

                                                                              



ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM CAUSE No. 94-03-0070-CRA 

IN THE 218th JUDICIAL DISTRICT COURT OF
ATASCOSA COUNTY



 

 

Johnson,
J., filed a concurring statement, in which Cochran, J., joined.

 

 

                                C
O N C U R R I N G   S T A T E M E NT

 

In his application for writ of habeas corpus,
applicant claimed that he was not being credited with time spent in custody
both while in SAFP and while waiting for an opening in SAFP.  It is well
settled that an inmate is not entitled to credit for time in custody if that
time was a condition of probation.  This Court remanded this writ to the trial
court for findings of fact in regard to if either or both time periods
pertaining to SAFP were a condition of probation.








In its findings on remand, the trial court stated
that SAFP was a condition of applicant=s probation, thus he is not entitled to time credit
for that period of time.  However, the trial court recommended granting credit
for time spent in custody while awaiting an opening in SAFP.  From this, I
conclude that the trial court did not intend that period of time to be a
condition of probation.

In Ex parte Ybarra v. State, 149 S.W.3d 147
(Tex. Crim. App. 2004 ), we stated clearly that an inmate who is seeking
pretrial time-credit must first request credit for the claimed time by filing a
nunc pro tunc motion in the convicting court and, if denied, appeal the
denial, via a petition for mandamus, to the appropriate court of appeals.  We
also said, but perhaps not so clearly and certainly not as often in subsequent
orders, that Athe trial court has the authority to correct the
judgment to reflect the appropriate time credit by nunc pro tunc order
and should do so.@  Ybarra at 148.  

Because of the tangled nature of the proceedings in
this case, a nunc pro tunc order may or may not have been appropriate. 
I merely point out that such an order may resolve similar cases without resort
to appellate writs.

I join the decision of the Court.

 

Filed:
March 1, 2006

Publish