IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,606-01






EX PARTE BYRON KEITH PATTERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F03-41136 IN THE 194
TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to assault
and was sentenced to ten years, probated for four years. Applicant's community supervision was
later revoked, and he was sentenced to four years' imprisonment. 

 Applicant contends that he is being denied credit toward his sentence for pre-sentencing jail
time, and for time spent in a substance abuse felony punishment facility (SAFPF) prior to the
revocation of his community supervision. After a review of the records, we find that Applicant's
claim concerning the denial of time credit for time spent in a substance abuse felony punishment
facility is without merit. Therefore, we deny relief. Applicant's remaining claim concerning the
denial of time credit spent in county jail prior to sentencing, either before his original plea or before
the court's decision to revoke his community supervision, is dismissed. Ex parte Ybarra, 149
S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he
appropriate remedy in this situation is to require Applicant to present the issue to the trial court by
way of a nunc pro tunc motion, . . . [and] [i]f the trial court fails to respond, Applicant is first
required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless
there is a compelling reason not to do so").

 

Delivered: September 27, 2006

Do not publish