IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-67,310-01, WR-67,310-02, AND WR-67,310-03






EX PARTE TONI C. STRINGFELLOW, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS 2005CR6212-W1, 2005 CR7890-W1, AND 2005CR1849-W1 IN
THE 186TH JUDICIAL DISTRICT COURT FROM BEXAR COUNTY 





 Per curiam.



O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writ of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of three counts of obtaining drugs by fraud and was sentenced to thirty-five (35)
years' imprisonment for each count. The Fourth Court of Appeals dismissed Applicant's
direct appeal for want of jurisdiction. See Stringfellow v. State, No. 04-06-00264-CR (Tex.
App.- San Antonio, 2006, no pet.). 

 After a review of the record, we find that Applicant's involuntary plea claim is without
merit and deny relief. See Ex parte Morrow, 952 S.W.2nd 530 (Tex. Crim. App. 1997). We
also find that Applicant's ineffective assistance of counsel claim is without merit and deny
relief. See Strickland v. Washington, 466 U.S. 668 (1984). Applicant's claim that she is
entitled to credit for time spent confined in state jail before sentencing is dismissed. Where
an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to
require Applicant to present the issue to the trial court by way of a nunc pro tunc motion, .
. . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the
Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling
reason not to do so." Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).


DELIVERED: April 25, 2007

DO NOT PUBLISH