IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-68,402-02 AND WR-68,402-03






EX PARTE CHARLES MYERS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. D-1-DC-06-904096 IN THE 147TH DISTRICT COURT

FROM TRAVIS COUNTY




 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of habitation and unlawful
interception of wire communication and sentenced to 10 years' probation on the burglary of habitation
count and 5 years' confinement on the unlawful interception of wire communication count. The Third Court
of Appeals dismissed Applicant's direct appeal. See Meyers v. State, No AP-03-06-00661-CR (Tex.
App.- Austin, 2006, no pet.) (not designated for publication.)

 In his -02 application, Applicant raises various claims challenging the merits of his convictions and
resulting sentences. He also complains about the Texas Board of Pardons and Paroles has failed to release
him on parole. The trial judge has entered findings of fact and conclusions based on the evidence in the
habeas record, affidavits, and/or his personal recollection. The trial judge found that the claims regarding
the burglary of habitation conviction were not proper for review in a writ of habeas corpus filed pursuant
to Art. 11.07 of the Texas Code of Criminal Procedure because Applicant received a probated sentence
which has not been revoked. The trial judge findings are supported by the record and, accordingly, those
claims are dismissed. See Tex. Code crim. Proc. Art 11.07, §§ 1, 3(a)-(b). The trial considered
Applicant's claims regarding his unlawful interception of wire communication conviction on their merits,
found that they had no merit, and recommended denying relief. The trial judge's findings and conclusions
are supported by the record. Accordingly, we deny relief on the basis of those findings.

 In his -03 application, Applicant claims that he should be awarded time credit for the time he spent
on bond under electronic monitoring because this time is equivalent to confinement. We find that
Applicant's claim is akin to a pre-sentence jail time credit claim. The appropriate remedy in this situation
is to require Applicant to present the issue to the trial court by way of a nunc pro tunc motion. If the trial
court fails to respond, applicant is first required to seek relief in the Court of Appeals, by way of a petition
for a writ of mandamus, unless there is a compelling reason not to do so. Ex parte Ybarra, 149 S.W.3d
147, 148-149 (Tex. Crim. App. 2004). Accordingly, this claim is dismissed. 


 It is so ordered on this the 23rd day of January, 2008.


Do not publish