Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00778-CR

**IN RE** Robert **GUIDROZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Alma L. Lopez, Chief Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:   December 10, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On October 21, 2008, relator Robert Guidroz filed a petition for writ of mandamus, seeking

to compel the trial court to rule on his motion for judgment nunc pro tunc addressing jail credit. This

court is authorized to issue a writ of mandamus to compel a trial court to consider and rule on a nunc

pro tunc motion addressing pre-sentence jail credit. *Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex.

Crim. App. 2004); *In re Isbell*, No. 04-06-00558-CV, 2006 WL 3206075, at *1 (Tex. App.—San

Antonio, November 8, 2006, orig. proceeding) (mem. op.). A trial court has a reasonable time to

perform its ministerial duty. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995);

---

[1] This proceeding arises out of Cause No. 92-1004-CR, styled *State of Texas v. Robert Guidroz*, filed in the 25th Judicial District Court, Guadalupe County, Texas, the Honorable W.C. Kirkendall presiding.

*Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Accordingly, if a trial court unnecessarily delays ruling, mandamus will lie in appropriate situations. The file stamped copy of relator's motion indicates it was filed with the trial court on October 15, 2008. Here, we cannot say that a period of approximately one month is an unreasonable delay. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *see also* TEX. R. APP. P. 52.3(j), 52.7(a). Because relator has not met his burden of providing a record establishing that a properly filed motion has awaited disposition for an unreasonable amount of time, he has not provided the court with grounds to usurp the trial court's inherent authority to control its own docket. Therefore, this court has determined that relator has not shown himself entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

PER CURIAM

DO NOT PUBLISH