# NO. 12-09-00207-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| **IN RE: CARLOS S. WILLIAMS,** | | |
| **RELATOR** | § | **ORIGINAL PROCEEDING** |
| | | |
| | § | |

## MEMORANDUM OPINION

Relator Carlos S. Williams seeks a writ of mandamus directing Respondent, the Honorable Christi Kennedy, Judge of the 114th Judicial District Court, Smith County, Texas, to rule on his motion for a judgment nunc pro tunc to address his presentence jail credit.

A trial court is required to consider and rule on a motion within a reasonable time. ***Barnes v. State***, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). When a trial court does not respond to a motion for a nunc pro tunc judgment alleging a failure to grant presentence jail time credit, we may grant a writ of mandamus requiring the trial court to rule on the motion. *See **Ex parte Ybarra***, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

In his mandamus petition, Relator alleges that he filed a nunc pro tunc motion in the trial court. He asserts further that, in response to his motion, Respondent signed an order granting presentence jail credit in a cause number other than the one he identified in his motion. Consequently, the situation he describes is not that Respondent has failed to rule on his motion, but that Respondent's nunc pro tunc order refers to the wrong cause number.[1] Because he has not shown that Respondent failed to rule on his nunc pro tunc motion, Relator has not shown himself entitled to mandamus relief, and his petition for writ of mandamus is ***denied***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] The proper action under these circumstances is to call the error to the trial court's attention.