

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,209 & AP-76,210

**EX PARTE MARK ALLEN STRANGE, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 1028067 AND 1030104
## IN THE 182ND JUDICIAL DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of misapplication of fiduciary property and sentenced to fifteen years' imprisonment. His appeals were dismissed for want of jurisdiction, because the notices of appeal were not timely filed. *Strange v. State*, Nos. 01-06-00103-CR and 01-06-00104-CR (Tex. App. – Houston [1st Dist.], November 29, 2007, pet. ref'd).

Applicant contends, *inter alia*, that he was denied the right to appeal these convictions because his notices of appeal were untimely filed. The trial court finds that Applicant timely indicated his desire to appeal and requested appointment of appellate counsel, but that the notices of appeal were not timely filed.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. 1028067 and 1030104 from the 182nd Judicial District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant also raises a ground for review in these writs pertaining to pre-sentencing time credit, which Applicant claims he requested by way of a motion for judgment *nunc pro tunc* in the trial court. The appropriate remedy in this situation is to require Applicant to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do so. *Ex parte Ybarra*, 149 S.W.3d 147, 148-149 (Tex. Crim. App. 2004). Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: September 16, 2009
Do Not Publish