IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,209 & AP-76,210




EX PARTE MARK ALLEN STRANGE, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1028067 AND 1030104 
IN THE 182ND JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of misapplication of fiduciary property and sentenced to fifteen years’ imprisonment. His appeals
were dismissed for want of jurisdiction, because the notices of appeal were not timely filed. Strange
v. State, Nos. 01-06-00103-CR and 01-06-00104-CR (Tex. App. – Houston [1st Dist.], November
29, 2007, pet. ref’d).
            Applicant contends, inter alia, that he was denied the right to appeal these convictions
because his notices of appeal were untimely filed. The trial court finds that Applicant timely
indicated his desire to appeal and requested appointment of appellate counsel, but that the notices
of appeal were not timely filed.
            We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgments of conviction in Cause Nos. 1028067 and 1030104 from the 182nd Judicial District Court
of Harris County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentences had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court
issues.
            Applicant also raises a ground for review in these writs pertaining to pre-sentencing time
credit, which Applicant claims he requested by way of a motion for judgment nunc pro tunc in the
trial court. The appropriate remedy in this situation is to require Applicant to seek relief in the Court
of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to
do so. Ex parte Ybarra, 149 S.W.3d 147, 148-149 (Tex. Crim. App. 2004). Applicant’s remaining
claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).
 
 
Delivered: September 16, 2009
Do Not Publish