

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00097-CR

**CALVIN DWAYNE VERNON,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 1990-40-C**

## MEMORANDUM  OPINION

Appellant Calvin Vernon seeks to appeal the trial court's order or orders denying his post-conviction motion (petition) for a nunc pro tunc (judgment) and apparent motion for "habeas evidentiary hearing."

In Vernon's 2009 direct appeal, we wrote:

Appellant Calvin Vernon was convicted of attempted murder in 1991 and sentenced to thirty years' imprisonment.[1]   Because the

---

[1] *Vernon v. State*, No. 10-91-00164-CR (Tex. App.—Waco June 17, 1992, pet. ref'd) (not designated for publication).

judgment contains a deadly weapon finding that Appellant believes is erroneous, Appellant filed a motion for *nunc pro tunc* order in the trial court. The trial court denied that motion, and Appellant seeks to appeal the trial court's denial of his motion for an order *nunc pro tunc*.

*Vernon v. State,* No. 10-09-00292-CR, 2009 WL 3645710 (Tex. App.—Waco Nov. 4, 2009, no pet.) (mem. op., not designated for publication).

We then proceeded to dismiss that direct appeal for lack of jurisdiction, noting:

> We do not have appellate jurisdiction of the denial of a motion for judgment *nunc pro tunc*. *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd). The appropriate remedy to obtain review of the denial of a *nunc pro tunc* motion is by a petition for writ of mandamus. *Ex parte Forooghi*, 185 S.W.3d 498 (Tex. Crim. App. 2006) (Johnson, J., concurring statement); *see also Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004).

*Id.*

Thereafter, Vernon filed an original mandamus proceeding, which was denied. *In re Vernon,* No. 10-10-00027-CR, 2010 WL 965734 (Tex. App.—Waco Mar. 17, 2010, orig. proceeding).[2] The gist of Vernon's complaints, from his original direct appeal in 1991 to the present, is that the affirmative deadly-weapon finding in his judgment of conviction is erroneous. That issue was decided against him in his original direct appeal. *Vernon,* No. 10-91-00164-CR, slip op. at 3-4. Presumably, Vernon has asserted that same complaint in most, if not all, of his post-conviction proceedings.

In the present appeal, the Court, again citing *Forooghi* and *Everett*, notified Vernon (in an April 12, 2011 notice letter) that this appeal was subject to dismissal for

---

[2] We denied Vernon's petition for writ of mandamus in 2008 as well. *In re Vernon,* No. 10-08-00231-CR, 2008 WL 2805930 (Tex. App.—Waco July 16, 2008, orig. proceeding). In 2006, the Court of Criminal Appeals cited Vernon for abuse of the writ of habeas corpus, noting that he had filed eight habeas applications and five had been dismissed under section 4 of article 11.07. *Ex parte Vernon,* No. WR-25873-09, 2006 WL 289154 (Tex. Crim. App. Feb. 8, 2006) (order, not designated for publication).

lack of jurisdiction unless he timely showed grounds for continuing the appeal. Furthermore, to the extent Vernon is appealing a denial of post-conviction habeas corpus relief, the Court notified him that the appeal was subject to dismissal for lack of jurisdiction unless he timely showed grounds for continuing the appeal. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) ("Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals.") (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b)).

Vernon has not directly responded to the Court's notice letter. He did file a "summary of argument," but it is in the nature of a brief on the insufficiency of the evidence to support his original judgment of conviction. It does not show that this Court has jurisdiction of the present appeal or show grounds for continuing this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed May 18, 2011
Do not publish
[CRPM]