IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,429-01 & 74,429-02







EX PARTE MELVIN WEBSTER 

AKA MELVIN LAMAR WEBSTER, JR., Applicant







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 07F0583-005 & 06F0741-005 IN THE 5TH DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of possession of a controlled substance and sentenced to five years' imprisonment in each. He did
not appeal his convictions. 

 We remanded these writs for answers to Applicant's claims that his pleas were involuntary
and counsel was ineffective because his sentences are not being calculated concurrently with a
sentence from Arkansas, as provided in the plea agreement. 

 The trial court appointed Applicant habeas counsel and held a live hearing. At the hearing,
Applicant testified that he had been released to parole, was abandoning his claims attacking the
conviction and was only interested in pursuing pre-sentence jail time credit for time spent in an
Arkansas prison. The trial court recommended granting relief "to the extent that [Applicant] was not
awarded credit" for time spent incarcerated before the date of conviction. 

 This Court has decided that the appropriate remedy for claims relating to pre-sentence jail
time credits "is to require Applicant to present the issue to the trial court by way of a nunc pro tunc
motion." Ex parte Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). "If the trial court denies
the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an
application for writ of mandamus in a court of appeals." Ex parte Florence, 319 S.W.3d 695, 696
(Tex. Crim. App. 2010). 

 To the extent that Applicant's writ applications requested pre-sentence jail time credit, they
are dismissed under Ex parte Ybarra, 149 S.W.3d at 148-49. In accordance with his testimony at the
writ hearing and the trial court's findings, Applicant's remaining claims attacking the conviction are
dismissed. 



Filed: September 14, 2011

Do not publish