

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-11-00316-CR**

**IN RE ERIC G. ANDIKA**

_____

**Original Proceeding**

---

# MEMORANDUM OPINION

---

Eric G. Andika filed a petition for writ of mandamus asking this Court to award him "Jail Time Credit" for time he spent in jail in the State of Georgia before being extradited back to the State of Texas. The petition states that Andika was arrested in Decatur, Georgia on May 2, 2003. The following day, he was arraigned "on a charge of being an escapee/fugitive from justice from Navarro County, Texas and a detainer was subsequently placed on [him] without bail." Andika further states in the petition that on May 4, 2004, he was "transferred back to the custody of the Sheriff of Navarro County, Texas to stand trial on the charge of escape."

Andika alleges that he filed a judgment nunc pro tunc seeking jail time credit for the time served in Georgia and that the trial court denied the motion. The trial court is

required to grant the Applicant pre-sentence jail time credit when sentence is pronounced. TEX. CODE CRIM. PROC. art. 42.03 § 2(a) (West Pamph. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). In the event the court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so. TEX. R. APP. P. Rule 23.2.; *Ex parte Ybarra*, 149 S.W.3d at 148.

Neither the judgment nunc pro tunc nor the order denying the motion are included in Andika's petition for writ of mandamus. *See* TEX. R. APP. P. 52 (k). It is not clear whether Andika was convicted and sentenced on a charge of escape for which he is seeking pre-sentence jail time credit or whether he was serving time for another conviction, escaped from custody, and is seeking credit for that sentence. Therefore, we cannot find that the trial court failed to award pre-sentence jail time credit at the time sentence was imposed.

Andika's petition contains procedural defects. The petition does not identify the parties or contain proper proof of service. To expedite this matter, we implement TEX. R. APP. P. 2 and suspend compliance with the pertinent procedural rules for this petition for mandamus.

Relator's petition for writ of mandamus is denied.

AL SCOGGINS
Justice

Before Chief Justice Gray,
	Justice Davis, and
	Justice Scoggins
Petition denied
Opinion delivered and filed September 21, 2011
[OT06]