**Opinion filed April 24, 2014**



### In The

# Eleventh Court of Appeals

_____

## No. 11-14-00105-CR

_____

## IN RE DAVID LAWHONE

**Original Mandamus Proceeding**

**M E M O R A N D U M   O P I N I O N**

Relator, David Lawhone, has filed a petition for writ of mandamus in which he requests the court of appeals to direct the Respondent, the Midland County District Clerk, to enter a judgment nunc pro tunc giving him credit for time spent in custody. *See Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004). We dismiss for want of jurisdiction.

Relator asserts that he is entitled to credit in cause no. CR40354 in the 385th District Court of Midland County from July 2, 2012, to September 17, 2012—time that he claims to have spent in custody in Ector County after a hold had been placed on him by Midland County Pretrial Services for cause no. CR40354. In all criminal cases, the judge of the court in which the defendant is convicted "shall

give" the defendant credit on his sentence for the time he spent "in jail for the case . . . excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2013).

However, Relator seeks a writ of mandamus from this court compelling the district clerk to perform an act. As a court of appeals, this court has no general writ power over a person other than a judge of a district or county court unless the issuance of the writ is necessary to enforce this court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). A court of appeals has no jurisdiction to issue a writ of mandamus against a trial court clerk unless necessary to enforce its jurisdiction. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). The writ of mandamus requested by Relator does not relate to the enforcement of this court's jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

PER CURIAM

April 24, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.