

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,567-01

### EX PARTE DAVID WAYNE GRASMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 03-168-K277 IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance in exchange for ten years' deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to six years' imprisonment. He did not appeal his conviction.

In this application, Applicant alleges in three of his five grounds for review that he is not receiving the proper amount of pre-sentencing jail time credit. The remaining two grounds appear

to be challenges to the merits of his conviction and sentence after adjudication. Applicant's claims concerning the denial of credit for time spent in confinement prior to the adjudication of guilt are dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do so."). Applicant's remaining claims are without merit, and are denied.

Filed: January 14, 2015
Do not publish