

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,139-01

### EX PARTE TAVARIS MEANS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-76746-H(A) IN THE CRIMINAL DISTRICT COURT NO. 1
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to assault with family violence, and was sentenced to two years' imprisonment. He did not appeal his conviction.

In the instant application, Applicant contends that he is actually innocent based on newly discovered evidence, an affidavit from the victim recanting her accusation against Applicant. In his second ground for relief, Applicant contends that his plea was involuntary due to the ineffective assistance of trial counsel. Lastly, he alleges that his habeas counsel rendered ineffective assistance by raising only one ground for relief on his first application.

This Court has reviewed Applicant's first, second and third grounds for relief and has determined that they are without merit. Therefore, those claims are denied. Applicant's remaining claim concerns the denial of time credit spent in confinement prior to his plea. That claim is dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do .")

Filed: November 25, 2015
Do not publish