

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-52,828-04, WR-52,828-05, WR-52,828-06, WR-52,828-07 AND WR-52,828-08

### EX PARTE RANDY PAUL HAMPTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F15-2528-367, F15-2527-367, F15-1975-367, F15-1977-367
### AND F15-1976-367 IN THE 367TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of possession of a controlled substance and three charges of theft, and was sentenced to five concurrent four-year sentences. He did not appeal his convictions.

In these five identical applications, Applicant alleges that he is not receiving the proper amount of pre-sentencing jail time credit. He also alleges that he pleaded guilty with the understanding that he would receive concurrent four-year sentences with credit for six months of

pre-sentencing jail time in all five cases.

This Court has reviewed the records and determined that Applicant's claim that the award of six months' pre-sentencing time credit in all five cases was a condition of his pleas is not supported by the record. That claim is denied. Applicant's claim regarding the improper calculation of pre-sentencing jail time credits is dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a nunc pro tunc motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do .")

Filed: April 26, 2017
Do not publish