

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,729-05

### EX PARTE WILLIAM ISAAC HOFF, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-9-24700-A-4 IN THE 377th DISTRICT COURT
### FROM VICTORIA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of taking a weapon from a peace officer and one count of attempted taking a weapon from a peace officer. He originally received two years in state jail for the attempted taking a weapon from a peace officer count, and ten years, probated, for the taking a weapon from a peace officer count. His community supervision was later revoked, and he was sentenced to ten years years' imprisonment.

In the instant application, Applicant alleges that the trial court abused its discretion in various respects, including the failure to grant Applicant pre-sentencing jail time credit. Applicant's claim

regarding the failure to grant pre-sentencing jail time credits is dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do ."). His remaining claims are barred from review under Article 11.07, Section 4 of the Texas Code of Criminal Procedure. Therefore, those claims are also dismissed.

Filed: August 22, 2018

Do not publish.