

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-36,636-02

### EX PARTE GERALD LYNN SIMIEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W17-71394-P (A) IN THE 203RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession with intent to deliver a controlled substance, and was sentenced to five years' imprisonment. Applicant did not appeal his conviction or sentence.

In this application, Applicant alleges that he was incompetent to enter a plea, that his indictment was fundamentally defective, that he was denied an examining trial, that he is not being properly credited with pre-sentencing jail time, and that his trial counsel was ineffective.

Applicant's claim concerning the denial of pre-sentencing jail time credits is dismissed. *Ex*

*parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do ."). Applicant's remaining claims are without merit, and are denied.

Filed:　　　January 30, 2019
Do not publish