

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,971-01

### EX PARTE NATIVIDAD RAMIREZ, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W07-12773-H(A) IN THE CRIMINAL DISTRICT COURT NO. 1
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to robbery, and originally received ten years of deferred adjudication community supervision. He was later adjudicated guilty and sentenced to seven years' imprisonment.

In this application, Applicant alleges that he is being improperly denied credit for time spent in prison pursuant to another conviction before his guilt was adjudicated in this case. He also alleges that his guilty plea was not knowingly and voluntarily entered and that he received ineffective assistance of counsel.

After a review of the records, we find that Applicant's claims of involuntary plea and ineffective assistance of counsel are without merit. Those claims are denied. Applicant's claims of denial of pre-adjudication time credit are dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a *nunc pro tunc* motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do so.").

Filed: June 26, 2019
Do not publish