**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 31, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00948-CR

## IN RE AMIR BEN-DAVID, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1538891**

---

## MEMORANDUM OPINION

On December 2, 2019, relator Amir Ben-David filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable George Powell, presiding judge of the 351st District Court of Harris County, to answer relator's motion for nunc pro tunc for credit for pre-sentence time served.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A defendant is entitled to credit on his sentence for any time spent in jail from the time of his arrest until his sentence. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a). The trial court is required to grant such jail-time credit when the sentence is pronounced. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the court fails to do so, the defendant may file a motion with the convicting court requesting that it correct the error by entering a judgment nunc pro tunc. *Id.* Because the law requires the trial court to award credit for presentence time served, the court's failure to do so violates a ministerial duty. *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). A defendant is entitled to mandamus relief upon denial of a motion for judgment nunc pro tunc when he can show indisputably that he is entitled to the requested credit for pre-trial jail time. *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

A defendant may also seek mandamus relief if the trial court fails to respond to a motion for nunc pro tunc. *Ybarra*, 149 S.W.3d 148–49. Relator states he filed a motion for nunc pro tunc in the trial court in January 2019, but the trial court has not ruled on his motion. The judgment attached to relator's motion shows that relator was given credit for time spent in jail from January 27, 2017 to June 12, 2018, or 502 days, when he was sentenced. Relator asserted in the motion that, due to the trial court's clerical error, the Texas Department of Criminal Justice's (TDCJ) records do not show that he served he served the 502 days prior to sentencing.

2

However, the trial court's judgment shows that relator was awarded the 502 days he served in jail prior to the imposition of his sentence. Relator's real complaint is that TDCJ's records fail to show relator's pre-trial time-served. We cannot tell from the documents provided by relator whether TDCJ has or has not given relator credit for his time served. Even if the mandamus record clearly showed that TDCJ has failed to give relator credit for time served, we do not have mandamus jurisdiction over TDCJ to compel it to take any action. *See* Tex. Gov't Code Ann. § 22.221(b).

Because the judgment shows that the trial court awarded relator the 502 days he was confined prior to the imposition of his sentence, relator has not shown that he is entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).