

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,704-01

**EX PARTE BEVAUGHN DUANE ROGERS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR09-00054A IN THE 294TH DISTRICT COURT
### FROM VAN ZANDT COUNTY

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to attempted aggravated assault and originally received deferred adjudication community supervision. He was later adjudicated guilty and sentenced to ten years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Rogers v. State*, No. 12-17-00075-CR (Tex. App. — Tyler, April 25, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This Court has reviewed Applicant's claim that he was denied due process, and has determined that it is without merit. Applicant's remaining claim concerning the denial of time credit spent in confinement prior to the court's decision to revoke his community supervision and finally

adjudicate him guilty is dismissed. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (Where an inmate seeks pre-sentence jail time credit, "[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a nunc pro tunc motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do .").

Filed: January, 15, 2020
Do not publish