# NO. 12-20-00029-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JODY FORD MCCREARY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant Jody Ford McCreary, acting pro se, filed a notice of appeal in trial court cause number 007-1110-10, in which he was convicted in 2011 of tampering with physical evidence, a felony. In his notice of appeal, Appellant seeks to challenge a "void judgment."

On January 29, 2020, the Clerk of this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court. Specifically, there is no final judgment or appealable order contained therein or the order being appealed is not an appealable order. The notice further informed Appellant that the appeal would be dismissed unless the information was amended on or before February 28 to show this Court's jurisdiction. In response, Appellant states that in 2011, the trial court signed a judgment in violation of Articles 42.01, 42.02, 42.03, and 27.13 of the Texas Code of Criminal Procedure and he maintains that under Texas Rule of Appellate Procedure 23.1, this Court possesses jurisdiction to correct, modify, or reform an incorrect judgment at any time. *See* TEX. CODE CRIM. PROC. ANN. §§ 27.13 (West 2006) ("guilty" plea or plea of "nolo contendere" in felony case must be made in open court by defendant in person), 42.01 (West Supp. 2019) (listing information judgment must contain), 42.02 (West 2018) (sentence is part of judgment, or order revoking suspension of imposition of sentence, that orders punishment be carried into execution in manner prescribed by law), 42.03 (West Supp. 2019)

(pronouncing sentence; time; credit for time spent in jail between arrest and sentence or pending appeal).

Rule 23.1 vests the trial court with the authority to correct clerical mistakes or errors in a judgment through entry of a nunc pro tunc judgment.[1] *Edwards v. State*, No. 03-12-00093-CR, 2014 WL 2521451, at *6 (Tex. App.—Austin May 29, 2014, pet. ref'd); TEX. R. APP. P. 23.1; *see Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim App. 2004) (per curiam) (matters which may be raised and resolved by nunc pro tunc proceedings should not be considered by way of habeas relief); *see also Wright v. State*, No. 03-10-00367-CR, 2012 WL 1948341, at *4 n.5 (Tex. App.—Austin May 22, 2012, no pet.) (mem. op., not designated for publication) (trial court may, by entry of judgment nunc pro tunc, correct clerical mistakes in judgment or order at any time, even after expiration of court's plenary power). Here, the record does not demonstrate that Appellant presented his complaints to the trial court in a nunc pro tunc motion and that the trial court made a written ruling on any such motion. *See Ybarra*, 149 S.W.3d at 148-49 (appropriate remedy is to present issue to trial court by way of nunc pro tunc motion before seeking mandamus relief from appellate court if trial court fails to respond); *see also Walton v. State*, No. 02-18-00396-CR, 2018 WL 6424242, at *1 (Tex. App.—Fort Worth Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because appellate court had not received "a written order from the trial court—a prerequisite to appealability").

Absent an appealable written order, this Court lacks jurisdiction over Appellant's appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012); *see also Schexnayder v. State*, No. 05-19-01474-CR, 2019 WL 6872845, at *1 (Tex. App.—Dallas Dec. 17, 2019, no pet.) (mem. op., not designated for publication). Accordingly, we *dismiss* the appeal for *want of jurisdiction*.[2] All pending motions are overruled as moot.

---

[1] Appellate courts have the authority and duty to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record. *Jackson v. State*, No. 14-11-00781-CR, 2012 WL 3223675, at *7 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, no pet.) (mem. op., not designated for publication). In the present case, we do not have a sufficient record by which to determine Appellant's complaints and make any necessary corrections to the judgment.

[2] The appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005). This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07. *See id.* arts. 11.05, 11.07 (West 2005). Only the convicting court and the court of criminal appeals have any role to play in attempts to raise postconviction challenges to final felony convictions. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals

Opinion delivered February 19, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also **Noble v. State***, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, pet. ref'd) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 19, 2020**

**NO. 12-20-00029-CR**

**JODY FORD MCCREARY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1110-10)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*