# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00068-CV

**In re Brian Paniagua**

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Brian Paniagua, an inmate in the Texas Department of Criminal Justice, has filed a petition for writ of mandamus in which he asserts that the real party in interest, the executive director of the Department, has abused his discretion by failing to recognize the jail-time credit calculated by the trial court in connection with Paniagua's conviction for the felony offense of possession of a prohibited substance in a correctional facility.[1] *See* Tex. Penal Code § 38.11(g). Paniagua contends that he is being unlawfully confined and requests that we command his release "from custody immediately."

Paniagua's complaint is that, based on the jail-time credit reflected in his judgment of conviction, he is being incarcerated past "his presumptive discharge date," a complaint which is properly raised by filing an application for writ of habeas corpus in the county of conviction. *See Ex Parte Ybarra*, 149 S.W.3d 147, 148 n.2 (Tex. Crim. App. 2004) ("If applicant has been incarcerated past his presumptive discharge date, this is no longer a time

---

[1] According to the judgment of conviction submitted by Paniagua in support of his petition, he was sentenced to "two (2) years confinement in the Institutional Division, [Texas Department of Criminal Justice]," "the sentence [to] run concurrently," and was given jail-time credit for "716 days."

credit claim but an illegal confinement claim."); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that Article 11.07 "provides the exclusive means to challenge a final felony conviction"); *see also* Tex. Code Crim. Proc. art. 11.07 (procedure after conviction without death penalty). Article 11.07 vests complete jurisdiction to grant post-conviction habeas corpus relief in final felony convictions in the Texas Court of Criminal Appeals. *See Keene,* 910 S.W.2d at 483 (citing Tex. Code Crim. Proc. art. 11.07 §§ 3, 5). Consequently, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Filed:   April 15, 2021