**DENIED and Opinion Filed July 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00577-CV**
**No. 05-24-00580-CV**
**No. 05-24-00581-CV**

**IN RE LEONARD MCKEITH HILL, Relator**

**Original Proceedings from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2154278, F-2159441, F-2253217**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Reichek

In his May 14, 2024 petition for writ of mandamus, relator contends that the trial court failed to give him jail-time credit on his sentence when the sentence was imposed pursuant to article 42.03 of the Texas Code of Criminal Procedure and that the trial court has since failed or refused to correct the judgment to reflect the appropriate credit despite relator's multiple nunc pro tunc motions raising the issue. Mandamus relief is generally available to address such a failure. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding) (per curiam). However, we are unable to consider whether it would be appropriate here

because relator failed to provide competent evidence supporting his contentions and his petition otherwise does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-00674-CV, 2023 WL 4540278, at *1 (Tex. App.—Dallas July 14, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3(a)–(h), 52.3(j), 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2).

For example, relator failed to file with his petition an appendix or record containing certified or sworn copies of the documents showing the matter complained of and any other documents material to his claim for relief, such as the judgment and relator's nunc pro tunc motions. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.) (explaining that it is relator's burden to provide the Court with a sufficient record to show entitlement to mandamus relief). Additionally, relator omitted the rule 52.3(j) certification required for consideration of mandamus relief. *See* TEX. R. APP. P. 52.3(j); *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.) (explaining that our precedent requires "exceptionally strict compliance" with rule 52.3(j)).

Accordingly, we deny the petition for writ of mandamus.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

240577F.P05