

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**AP-76,228**

---

**EX PARTE MICHAEL FLORENCE, Applicant**

---

**On Application for Writ of Habeas Corpus
in Cause No. 9181-W of the 278th Judicial District Court,
Madison County**

---

*Per curiam.*

Pursuant to Article 11.07 of the Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.[1]

We shall dismiss this application because, in a case such as this in which a convicted person is seeking credit for pre-sentence confinement, habeas corpus is not the correct procedure.

In 1991, Applicant was convicted of aggravated sexual assault of a child. On July 6, 1992, while serving a sentence for that conviction, he committed the offense of possession of a deadly weapon in a penal institution. He was indicted for the subsequent offense on March 29, 1993, and convicted and sentenced on July 12, 1993. Pursuant to Article 42.03, Section 2(a)(1) of

---

[1] *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Cr. App. 1967).

the Code of Criminal Procedure, the trial court gave Applicant credit on his subsequent sentence for the time he served from March 29 to July 12, 1993.

In November 2008, Applicant filed a motion for judgment *nunc pro tunc* in the trial court seeking credit on his sentence for the subsequent offense for the time he served between July 6, 1992, and March 29, 1993. The trial court denied the motion, and Applicant filed an application for writ of mandamus in the Tenth Court of Appeals. The Court of Appeals denied the application, finding that Applicant was not entitled to credit for such time because no detainer was lodged against him prior to his indictment on March 29, 1993.[2]

In this application for writ of habeas corpus filed on September 1, 2009, Applicant makes three claims. In his first claim, he alleges that he is entitled to pre-sentence time credit, and that such time credit would move his mandatory supervision discharge date up to November 2009. In his second and third claims, he alleges that the Tenth Court of Appeals exhibited unethical conduct and violated due process in denying his application for a writ of mandamus that would have ordered the trial court to give him the time credits. We shall dismiss all the claims.

Pre-sentence time credit claims typically must be raised by a motion for judgment *nunc pro tunc* filed with the clerk of the convicting trial court.[3] The applicant used that procedure.

If the trial court denies the motion for judgment *nunc pro tunc* or fails to respond, relief

---

[2] *In re Florence*, 2009 WL 944200 (Tex. App.–Waco April 8, 2009) (mem. op.) (citing *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Cr. App. 1989) (per curiam)).

[3] *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Cr. App. 2004); *see also Ex parte Pena*, 71 S.W.3d 336, 337 n.5 (Tex. Cr. App. 2002) ("This Court long ago held that a writ of habeas corpus does *not* lie to correct an inaccurate criminal judgment, and that the proper mode of correction is a nunc pro tunc motion and order.") (emphasis in original).

may be sought by filing an application for writ of mandamus in a court of appeals.[4] The applicant also used that procedure.

If the court of appeals denies the application, as in this case, relief may be sought by filing an application for writ of mandamus in this Court.[5] The applicant did not use that procedure. Instead he has sought relief by a post-conviction writ of habeas corpus under Article 11.07.

An application for writ of habeas corpus under Article 11.07 may be used to raise a claim for pre-sentence time credit if an applicant alleges that he is presently being illegally confined because he would have discharged his sentence if given the proper time credit.[6]

Therefore, this application for writ of habeas corpus is dismissed without prejudice to the applicant's applying to this Court for a writ of mandamus to the Court of Appeals, ordering that Court to issue a writ of mandamus to the trial court.

Delivered May 19, 2010.
Publish.

---

[4] *Ybarra*, 149 S.W.3d, at 149; *see also Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Cr. App. 2003) ("[W]hen a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so.").

[5] *Hill v. Fifth Court of Appeals*, 67 S.W.3d 177, 180 (Tex. Cr. App. 2001) ("[T]he only remedy from an adverse ruling in an original mandamus proceeding in the court of appeals is by way of a writ of mandamus to this Court.").

[6] *See Ybarra*, 149 S.W.3d, at 148 n.2 ("If Applicant has been incarcerated past his presumptive discharge date, this is no longer a time credit claim but an illegal confinement claim."); *Ex parte Deeringer*, 210 S.W.3d 616, 618 n.7 (Tex. Cr. App. 2006) (noting that claims for pre-sentence time credit are cognizable in an application for writ of habeas corpus when an applicant alleges that he has been held past his presumptive discharge date, or that but for the trial court's failure to grant the correct pre-sentence time credit, he would have discharged his sentence); *see also Ex parte Collins*, 240 S.W.3d 925 (Tex. Cr. App. 2007) (holding that judgment *nunc pro tunc* was not the proper remedy for the failure to award pre-sentence time credit where the trial court exercised judicial reasoning in allowing the terms of a plea bargain to control).