# NO. 12-10-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: JAMIE LEE BLEDSOE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

### MEMORANDUM OPINION
### PER CURIAM

In this original mandamus proceeding, Relator Jamie Lee Bledsoe asserts that he was awarded a presentence jail time credit when he entered prison, but that the credit was deleted when he "went out on Bench warrant" on November 28, 2000. He alleges that he filed a judgment nunc pro tunc motion in the trial court "sometime in 2001 or 2002," but the trial court only awarded him 23 days of the requested 232 days credit. He alleges further that he later filed an application for writ of habeas corpus, which was dismissed by the court of criminal appeals. In this proceeding, Relator seeks a writ of mandamus directing the trial court to "reevaluate the length of time afforded."

Presentence time credit claims typically must be raised by a motion for judgment nunc pro tunc filed with the clerk of the convicting trial court. *Ex parte Florence*, No. AP-76,228, 2010 WL 1979432, at \*1 (Tex. Crim. App. May 19, 2010) (not yet released for publication). If the trial court denies the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing a petition for writ of mandamus in the court of appeals. *Id.* Although Relator alleges here that he filed a judgment nunc pro tunc motion "sometime in 2001 or 2002," the record he has provided does not include that motion or an order memorializing the trial court's ruling. *See* TEX. R. APP. P. 52.7(a)(1) (requiring certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding). Furthermore, the

record does not include any documentation verifying the dates and events alleged to be the basis of Relator's time credit claim. *See **id***.

A relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 5.7(a). Since Relator has not furnished such a record, we cannot conclude that he is entitled to mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)