NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-10-00234-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: JAMIE LEE BLEDSOE,

                                                                             '                 ORIGINAL
PROCEEDING

RELATOR

                                                                             '     

 





MEMORANDUM
OPINION

PER
CURIAM

            In
this original mandamus proceeding, Relator Jamie Lee Bledsoe asserts that he
was awarded a presentence jail time credit when he entered prison, but that the
credit was deleted when he “went out on Bench warrant” on November 28, 2000. 
He alleges that he filed a judgment nunc pro tunc motion in the trial court
“sometime in 2001 or 2002,” but the trial court only awarded him 23 days of the
requested 232 days credit.  He alleges further that he later filed an
application for writ of habeas corpus, which was dismissed by the court of
criminal appeals.  In this proceeding, Relator seeks a writ of mandamus
directing the trial court to “reevaluate the length of time afforded.”  

            Presentence
time credit claims typically must be raised by a motion for judgment nunc pro
tunc filed with the clerk of the convicting trial court.  Ex parte
Florence, No. AP-76,228, 2010 WL 1979432, at *1 (Tex. Crim. App. May
19, 2010) (not yet released for publication).  If the trial court denies the
motion for judgment nunc pro tunc or fails to respond, relief may be sought by
filing a petition for writ of mandamus in the court of appeals.  Id. 
Although Relator alleges here that he filed a judgment nunc pro tunc motion
“sometime in 2001 or 2002,” the record he has provided does not include that
motion or an order memorializing the trial court’s ruling.  See Tex. R. App. P. 52.7(a)(1) (requiring
certified or sworn copy of every document material to relator’s claim for
relief and filed in any underlying proceeding).  Furthermore, the record does
not include any documentation verifying the dates and events alleged to be the
basis of Relator’s time credit claim.  See id. 

            A
relator must furnish a record sufficient to support his claim for mandamus
relief.  See Tex. R. App. P. 5.7(a). 
Since Relator has not furnished such a record, we cannot conclude that he is
entitled to mandamus relief.  Accordingly, Relator’s petition for writ of
mandamus is denied.

Opinion delivered July 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)