

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-11-00119-CR
### 02-11-00120-CR

MARTIN G. CASTILLO, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Martin G. Castillo, Jr. attempts to appeal from the denials of his motions for credit on his sentence. Because the denials of his motions are not appealable orders, we dismiss these appeals for want of jurisdiction.

No statute vests this court with jurisdiction over an appeal from an order denying a request for presentence jail time; instead, a petition for writ of mandamus filed in this court from the trial court's denial of a motion for judgment nunc pro tunc is the appropriate vehicle for correcting presentence time credit if

---

[1]*See* Tex. R. App. P. 47.4.

the time credit would not result in a defendant's discharge. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (setting forth procedures for raising claim for presentence time credit). If, however, the time credit would result in the defendant's discharge, a petition for writ of habeas corpus is the appropriate vehicle, and the Texas Court of Criminal Appeals is the appropriate venue for correcting presentence time credit. *See id.*

On April 7, 2011, we notified Castillo of our concern that we lacked jurisdiction over these appeals because a direct appeal is not the proper vehicle to attack an order denying a motion for credit on sentence. We informed Castillo that these appeals were subject to dismissal unless he or any party desiring to continue these appeals filed a response with this court by April 25, 2011, showing grounds for continuing these appeals. *See* Tex. R. App. P. 44.3.

On April 27, 2011, Castillo filed a motion for extension of time to file a response showing grounds for continuing these appeals. We deny Castillo's motion for extension of time and hold that we do not have jurisdiction over his appeals of the trial court's denials of his motions for credit on sentence. *See Ex parte Florence*, 319 S.W.3d at 696. Accordingly, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 12, 2011