

# NUMBER 13-11-00342-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARTIN ALLEN CAMACHO

### On Petition for Writ of Mandamus and/or
### Writ of Prohibition.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Martin Allen Camacho, proceeding pro se, filed a petition for writ of mandamus and prohibition on June 1, 2011 through which he seeks to compel the trial court to grant him presentence time credit. We deny the petition.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* Presentence time credit claims typically must be raised by a motion for judgment nunc pro tunc filed with the clerk of the convicting trial court, and if the trial court denies the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing a petition for writ of mandamus in the court of appeals. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam).

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator alleges here that he filed a judgment nunc pro tunc motion in September 2008 and the trial court denied that motion on September 13, 2010. The record relator has provided includes the file-stamped motion for judgment nunc pro tunc and the file-stamped order memorializing the trial court's ruling. *See* Tex. R. App. P. 52.7(a)(1).

2

However, the record provided lacks any other documents, including any documentation verifying the dates and events alleged to be the basis for relator's claim for additional presentence time credit. *See id.*

The Court, having examined and fully considered the petition for writ of mandamus and prohibition and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. A relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a). Since relator has not furnished such a record, we cannot conclude that he is entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus and prohibition is denied. *See id.* 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of June, 2011.