NUMBER 13-11-00342-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE MARTIN ALLEN CAMACHO

 

 



On Petition for Writ of Mandamus and/or

Writ of Prohibition.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and
Perkes

Memorandum Opinion Per Curiam[1]

Relator, Martin
Allen Camacho, proceeding pro se, filed a petition for writ of mandamus and
prohibition on June 1, 2011 through which he seeks to compel the trial court to
grant him presentence time credit.  We deny the petition.

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   Presentence time credit claims typically must be raised by a motion
for judgment nunc pro tunc filed with the clerk of the convicting trial court,
and if the trial court denies the motion for judgment nunc pro tunc or fails to
respond, relief may be sought by filing a petition for writ of mandamus in the
court of appeals.  See Ex parte Florence, 319 S.W.3d 695, 696 (Tex.
Crim. App. 2010) (per curiam).  

It is relator’s burden
to properly request and show entitlement to mandamus relief.  Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, relator must include a statement of facts supported by citations
to “competent evidence included in the appendix or record,” and must also
provide “a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the appendix or record.”  See generally Tex. R. App. P. 52.3.  In this regard,
it is clear that relator must furnish an appendix or record sufficient to
support the claim for mandamus relief.  See id. R. 52.3(k) (specifying
the required contents for the appendix); R. 52.7(a) (specifying the required
contents for the record).

Relator alleges
here that he filed a judgment nunc pro tunc motion in September 2008 and the
trial court denied that motion on September 13, 2010.  The record relator has
provided includes the file-stamped motion for judgment nunc pro tunc and the
file-stamped order memorializing the trial court's ruling.  See Tex. R. App. P. 52.7(a)(1).  However, the
record provided lacks any other documents, including any documentation
verifying the dates and events alleged to be the basis for relator's claim for
additional presentence time credit.  See id.

The Court, having
examined and fully considered the petition for writ of mandamus and prohibition
and the applicable law, is of the opinion that relator has not met his burden
to obtain mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  A
relator must furnish a record sufficient to support his claim for mandamus
relief.  See TEX. R. App. P.
52.7(a).  Since relator has not furnished such a record, we cannot conclude
that he is entitled to mandamus relief.  Accordingly, relator’s petition for
writ of mandamus and prohibition is denied.  See id. 52.8(a).

 

 

                                           
                                                

                                                                                    PER
CURIAM

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Delivered and filed the

2nd day of June, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).