Petition for Writ of
Mandamus Denied and Memorandum Opinion filed June 14, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00458-CR

____________

 

IN RE CUONG VAN NGUYEN, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

183rd District Court

Harris County, Texas

Trial Court Cause No. 794440

 

 



M E M O R A N D U M   O P I N I O N

            On
May 27, 2011, relator Cuong Van Nguyen filed a petition for writ of mandamus in
this court.  See Tex. Gov’t Code § 22.221; see also Tex. R. App.
P. 52.  Relator is an inmate confined in the Institutional Division of the
Texas Department of Criminal Justice.  He asserts that he is serving concurrent
fifteen-year sentences.[1] 
Relator complains that respondent, the presiding judge of the 183rd District
Court of Harris County, has not ruled on his motion for a judgment nunc pro
tunc to correct the calculation of the time served on his sentences.

To be entitled to mandamus relief in a criminal case, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and that what
he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 
Consideration of a motion that is properly filed and before the court is a
ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987) (orig. proceeding).  A relator must establish the trial court
(1) had a legal duty to rule on the motion; (2) was asked to rule on the
motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App.—Waco 2003, orig. proceeding); In re Villarreal, 96 S.W.3d
708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  It is relator’s burden
to provide this court with a record sufficient to establish his right to
relief.  Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App.
P. 52.3(k), 52.7(a).  

            A motion for judgment nunc pro tunc may be used to
obtain pre-sentence time credit.  See Ex parte Florence, 319
S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam).  In his motion for a nunc
pro tunc order filed in the 183rd District Court, relator requested credit
for time served in prison after sentencing on February 3, 1999.  Therefore,
relator has not established that the trial court had a legal duty to rule on
the motion.  Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).  









[1]  According to the copies that relator provided, on
February 3, 1999, he was sentenced in cause number 794440 to fifteen years in
prison, with the sentence to be served concurrently with the sentences in cause
numbers 793180 and 792263.  He received pre-sentence credit for 125 days. 
Relator was sentenced on January 25, 2010, to fifteen years in prison for a
1998 murder in cause number 44680A, in the 268th District Court of Fort Bend
County, and he received pre-sentence credit for 1,310 days.