

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,583

### EX PARTE SCOTT BASTABLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 215568A IN THE CRIMINAL DISTRICT COURT NO. THREE FROM TARRANT COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to twenty years' imprisonment.

Applicant contends that he is being denied post-conviction jail time and that the trial judge has not ruled on his motion for judgment *nunc pro tunc*. We remanded this application to the trial court for additional findings of fact and conclusions of law. The trial court has determined that Applicant is entitled to one day of post-conviction time credit for a day spent in custody after

Applicant's pre-revocation warrant was withdrawn. We agree. Applicant's sentence in this cause is to be credited for his time spent in the Tarrant County Jail on April 24, 1990. The remainder of Applicant's claim for post-conviction jail time credit is denied. Applicant's allegation concerning his motion for judgment *nunc pro tunc* is dismissed. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (noting that the remedy for the trial court's failure to respond to a motion for judgment *nunc pro tunc* is a mandamus petition filed in the appropriate court of appeals).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 22, 2011
Do not publish