IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-79,900-01






EX PARTE LONNIE FREEMAN, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 1347559-A

IN THE 351ST DISTRICT COURT OF HARRIS COUNTY





 Per curiam.



O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felon in
possession of a weapon and sentenced to three years' imprisonment. 

 Applicant alleges that because the indictment and judgment list his offense date incorrectly,
he is being denied his proper pre-sentence jail time credits (1). The State and trial court both agree that
Applicant is entitled to relief. However, Applicant's claim is not properly raised on habeas. He does
not challenge his conviction, only his pre-sentence jail time credit which is not properly raised on
habeas. This application is therefore dismissed. Ex parte Florence, 319 S.W.3d 695 (Tex. Crim.
App. 2010); Ex Parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004).


DELIVERED: August 21, 2013

DO NOT PUBLISH

1. Although Applicant does not properly show that he presented this claim to the time
dispute resolution section of the Texas Department of Criminal Justice (TDCJ) as required by
Gov't Code §501.0081(b)-(c), the TDCJ's website shows that Applicant is within 180 days of a
presumptive release date, which is an exception to the requirement.