

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | § | No. 08-13-00365-CR |
| IN RE: URIEL ANCHONDO, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

**MEMORANDUM OPINION**

Uriel Anchondo, a Texas inmate, has filed a *pro se* petition for writ of mandamus alleging Norma Favela, the El Paso County District Clerk, has failed to forward his motion for judgment *nunc pro tunc* related to his claim for "back time credit" to the convicting court.[1] He contends this has resulted in the convicting court not ruling on his motion.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). We also have authority to issue a writ of mandamus if it is necessary to enforce our jurisdiction. *Id*. § 22.221(a). Thus, we may issue a writ of mandamus to a district clerk only if he or she interferes with our jurisdiction. *See id*. at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.-- Houston [1st Dist.] 1999, orig. proceeding). Because Relator has not demonstrated that

---

[1] Relator does not identify the convicting court or the judge of that court in his mandamus petition. Consequently, the opinion will refer to the court as the convicting court or the trial court.

Ms. Favela has done anything to interfere with our jurisdiction, we lack jurisdiction to grant the requested relief against her.

To the extent Relator's petition could be construed as seeking a writ of mandamus against the convicting court, we find that he has failed to establish his entitlement to mandamus relief. Pre-sentence time credit claims typically must be raised by a motion for judgment *nunc pro tunc* filed with the clerk of the convicting trial court. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex.Crim.App. 2010). If the trial court denies the motion for judgment *nunc pro tunc* or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals. *Id.* If the court of appeals denies the application, relief may be sought by filing an application for writ of mandamus in the Court of Criminal Appeals. *Id.* An application for writ of habeas corpus under Article 11.07 may be used to raise a claim for pre-sentence time credit if an applicant alleges that he is presently being illegally confined because he would have discharged his sentence if given the proper time credit. *Id.*

To be entitled to a writ of mandamus compelling a trial court to consider and rule on a properly filed and pending motion, Relator must establish that: (1) he asked the trial court to rule; and (2) the trial court has either refused to rule, or failed to rule within a reasonable time. *In re Few*, No. 08-08-00071-CR, 2008 WL 821578 (Tex.App.--El Paso 2008, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426-27 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding). It is the Relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *See* TEX.R.APP.P. 52.3(j)(1)(A)(appendix to mandamus petition must contain a copy of any order complained of, or any other document showing the matter complained of); TEX.R.APP.P. 52.7(a)(1)(relator must file with the mandamus petition a copy of every document that is material to his claim for relief). Relator has not provided the Court with a file-marked

copy of the motion for judgment *nunc pro tunc* and he has not established that he asked the trial court to rule on his motion. Further, there is no evidence in the mandamus record that the convicting court has refused to rule or has failed to rule within a reasonable time. The petition for writ of mandamus is denied.

December 19, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)