IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,775-01






EX PARTE JAMES VICTOR CARR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR21549-A IN THE 35th DISTRICT COURT


FROM BROWN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to three years' imprisonment. 

 Applicant alleges that he is being improperly denied credit for pre-sentencing jail time, and
that his trial counsel was ineffective for advising him incorrectly regarding the pre-sentencing jail
time credit he would receive pursuant to his plea. After a review of the records, we find that
Applicant's claim regarding trial counsel's ineffectiveness is without merit. Therefore, we deny
relief on Applicant's ineffective assistance of counsel claim. Applicant's remaining claim
concerning credit for time he spent in county jail prior to his plea in this case is dismissed. The
appropriate remedy in this situation is to require Applicant to present the issue to the trial court by
way of a nunc pro tunc motion. Although it appears that Applicant did file a motion for judgment
nunc pro tunc in the trial court and that the trial court denied that motion, Applicant is first required
to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is
a compelling reason not to do so. See Ex parte Florence, 319 S.W.3d 695 (Tex. Crim. App. 2010);
Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004). 




Filed: March 12, 2014

Do not publish