Brian Keith Melton § 354th District Court

TDC # 1052738 § Hunt County, Texas

RECEIVED IN
The Court of Appeals
Sixth District

JUL 0 8 2016

Texarkana, Texas
Debra Autrey, Clerk

The Court of Appeals
Sixth District

JUL 0 8 2016

Texarkana, Texas
Debra K. Autrey, Clerk

.V. §

§

Presiding Judge §

Richard Beacom

354th District Court

Original Mandamus petition

Cause Nos.: 20,570; and 20,572

(Void Sentences; Sentences un-authorized by Law

Broken plea Agreement)

## ·History·

On July 5th, 2001 Relator entered a plea of guilty, as part of a plea agreement with the state. The terms of the agreement called for 20-years with 258 days time credit on each charge, and both to Run concurrent.

No appeal was taken.

Once recieved by TDCJ a computer computation was done by the Records Dept. and only partial of the awarded time credit was given. After a Time Resolution Dispute form was denied, various corrective efforts were made.

On April 30th, 2002, Relator filed for Habeas Corpus relief with the Court of Criminal Appeals (WR-44,431-02; and WR-44,431-03) on the grounds:

1.) Illegal sentence
2.) Failure to abide by plea
3.) Involuntary plea
4.) Ineffective counsel

On August 14th, 2002 an order was issued by the Court instructing the trial court to address these issues and enter Findings of Facts and Conclusions of Law.

On January 8th, 2003 the trial court entered its Findings and agreed that the plea agreement was in fact breached, then improperly entered nunc pro tunc Judgments, changing Relators sentences. Judgments the trial court knew by its own

admission were wrong. These actions can only be seen as the trial courts attempt to foil Relators Habeas Corpus attack.

On October 7th, 2015 this court ordered those judgments void and instructed the trial court to vacate (06-15-00140-CR). Once the trial court complied and vacated those judgments on December 1st, 2015, the original sentences of 20 years with 258 days time credit were again put in place on March 14th, 2016, although those sentences had ceased operation on January 8th, 2003 because they were recognized as void.

Relator then filed for Habeas Corpus Relief again with the Court of Criminal Appeals on, or about, April 7th, 2016 (WR-44,431-06; and WR-44,431-07) on the grounds

1.) Illegal Sentence

2.) Failure to abide by plea

3.) Involuntary plea

4.) Ineffective counsel

5.) Due process of law violation

6.) Double Jeopardy

7.) Statue of limitions expired.

In the response from the district attorney she denied "each and every allegation" made. This after the trial court had already agreed in 2003 to atleast 4 of the 7 claims made by Relator. (Illegal sentences; Failure to abide by plea; Involuntary plea; and Ineffective counsel). Because this was a subsequent application, the application was denied without a written order.

Relator now requests Mandamus relief from this Court, as the sentences are un-authorized by law and the plea agreement is not being fulfilled, both of which render these judgments as void. Leaving the trial court with the ministerial duty to vacate them. And this court with the authority to order the trial court to take those actions.

## · I ·

The questions before this Court now are: 1.) Are the judgments of July 5th, 2001, calling for 20-years with 258 days time credit (time credit that pre-dates the offense dates) void? And

4-of-7

2.) Are the plea agreements of July 5th, 2001 being fulfilled?

We look at _Ex Parte, Austin; 746 SW2d 226 (Tex. Crim. App. 1988)_ to answer both, which states:

"In plea bargain situations, withdrawl of the plea is appropriate when the State or trial court never had the authority to ensure compliance with the plea bargain. When the plea bargain calls for a sentence not authorized by law, the defendants plea will be withdrawn. _Sentences not authorized by law are_ **Void**. This has been the law in Texas for over a century."

On October 7th, 2015 this Court, in it's opinion, cited; _State ex Rel. Thomas ·v· Banner, 724 SW2d 81 (Tex Crim. App. 1987)_ stating "when a trial court enters a void order it has a **Ministerial Duty**, to vacate the order."

In the present case Relator can not legally be given the full 258 days time credit that the trial court Awarded as part of the plea agreement.

This Court has, on 2 occassions clearly stated this in its Memorandum Opinion of December 2nd, 2010 (06-10-00212-cr), and it's Opinion of October 7th, 2015 (06-15-00140-cr).

Since the trial court had no legal authority

to grant the 258 days time credit that would pre-date the offense dates, those judgments are void and must be vacated. Also, because the terms of the plea agreement are not being fulfilled those judgments are void and must be vacated.

## · Conclusion ·

The question before this court now is.

Are the Judgments of July 5th, 2001 void?

There is only 1-answer — Yes they are void. And there are 2-reasons they are void.

1.) The plea agreement is not, and can not, be honored.

2.) The trial court had no authority to enter those Judgments of July 5th, 2001, because they were not authorized by law.

## · PRAY ·

Relator prays that this court will grant relief sought and order the Judgments of July 5th, 2001 void and vacated.

<u>Inmate Declaration:</u>

I, <u>Brian Keith Melton</u>, am the applicant and being presently incarcerated on <u>Eastham Unit</u>, declare under the penalty of prejury that, according to the best of my knowledge, the facts stated above are true and correct.

Signed on July 4th, 2016

*Brian L. Melton*

Responding Address
Brian Keith Melton #1052738
Eastham Unit
2665 Prison Rd. #1
Lovelady, Tx. 75851

Exhibit #1



# In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

No. 06-10-00212-CR

IN RE:
BRIAN KEITH MELTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss



*Saying my original sentences were illegal!!*

## MEMORANDUM OPINION

Brian Keith Melton's original 2001 plea agreement, entered in two cases, called for giving him credit for 258 days against his sentences. The problem with that agreement was that such credit exceeded the maximum amount of credit legally available in Melton's situation. As a result, there have been various efforts initiated by Melton seeking to solve the problem, including the pro se petition for writ of mandamus now before this Court in these two cases.[1]

As part of his corrective efforts, Melton filed motions for judgment nunc pro tunc with the trial court. Melton claims the trial court denied the motions and, as a result, now petitions this Court for mandamus relief.[2] Because there is nothing in the record before us establishing that the trial court has ruled on the motions, we deny Melton's requested relief.[3]

A trial court shall give a defendant credit toward the defendant's sentence for time he or she spent in jail from the time of his or her arrest and confinement until the defendant is sentenced by the trial court. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1), (2) (Vernon Supp. 2010). The trial court cannot, however, give credit for noncustody time. *Ex parte Hayward*, 711 S.W.2d

[1] Melton's plea agreement was entered July 5, 2001, in trial court cause numbers 20,570 and 20,572, in each of which he was charged with burglary of a habitation, based on offenses committed January 24, 2001, and March 27, 2001, respectively. Under the plea agreement, Melton would be sentenced to twenty years' incarceration in each case and receive credit for 258 days. This agreement on credit against his sentences, however, was not honored by the Texas Department of Criminal Justice–Institutional Division. That started this series of efforts. *Couldn't legally honor it.*

[2] Melton is correct in that, if the trial court in fact did or does deny his motion for judgment nunc pro tunc, mandamus is the appropriate next step. *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

[3] Melton was convicted in trial court cause numbers 20,570 and 20,572; he filed a distinct motion for judgment nunc pro tunc in each of the cases, but has filed a single petition for writ of mandamus. The issues and arguments in the two trial causes are identical, so the single petition for mandamus relief is appropriate.

2

652, 656 (Tex. Crim. App. 1986); *see also Ex parte Harvey*, 846 S.W.2d 328, 329 (Tex. Crim. App. 1993) (jail time credited by trial court may not exceed time between date of commission of offense and imposition of sentence). Taking into account the offense and sentence dates from Melton's judgments, if it is assumed he was arrested immediately, on the dates of the offenses, he could have served only 162 days in jail for the January 24, 2001, offense and only 100 days for the March 27, 2001, offense. Obviously, this does not account for any time during which Melton was not in custody so that he could commit the March 27 offense, but that calculation is not necessary for our purposes.

According to Melton's petition, prison officials would not give him credit for the 258 days as ordered in the trial court's judgments because that number of credited days would pre-date both offense dates. Melton filed an application for habeas corpus relief, and the Texas Court of Criminal Appeals ordered the trial court to conduct a hearing and make findings of fact and conclusions of law. *Ex parte Melton*, Nos. 44,431-02, 44,431-03 (Tex. Crim. App. Aug. 14, 2002) (not designated for publication). The trial court's resulting findings and conclusions stated that the 258 days of jail credit were part of the plea agreement between the State and Melton, that the 258 days' credit would result in a sentence begin date which predates the offense date by 157 days,[4] that Melton was entitled to the additional 157 days of credit, and that nunc pro tunc judgments should be entered to effectuate the plea agreement and ensure Melton received the

---

[4]The trial court issued one set of findings and conclusions, bearing the two cause numbers of Melton's two cases. The trial court did not distinguish or take into consideration the separate March offense date for Melton's second case.

3

*Denied me cause my trial court said I was there in Court. They deliberately done this to "muddy the water" instead of given me a New Trial. yet, they told CCA they did! Now, I may have to go through the whole process again.*

number of days' credit promised him in the plea agreement. The trial court then entered a judgment nunc pro tunc for each of Melton's cases, where the trial court changed Melton's sentences to nineteen years and 200 days, and again credited Melton with 258 days served. The Texas Court of Criminal Appeals denied Melton's applications for habeas relief.

In June 2010, Melton filed motions for judgments nunc pro tunc with the trial court, in which he asked the trial court to order compliance with the plea agreement and sentence of July 5, 2001. In other words, Melton asked the trial court to correct the judgments nunc pro tunc entered in January 2003 so that the judgments would track the *original* plea agreement that was reflected in the original July 5, 2001, judgments.[6]

Melton has attached several documents to his petition to this Court, including the original judgments; the trial court's findings and conclusions; the trial court's judgments nunc pro tunc, entered in January 2003; and Melton's motions for judgment nunc pro tunc filed in June 2010. We have not, however, been provided with any order from the trial court disposing of Melton's June 2010 motions for nunc pro tunc relief. Melton states in his petition that the district clerk has told Melton the motions were denied, but we have no evidence of that before us.

*The district Clerk told me the were "denied", Knowing that if I filed Claiming they were denied And they weren't, that my Appeal would be denied.*

---

[5]Regardless of whether these acts by the trial court were erroneous, *see Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986); *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984), those judgments are not before us.

[6]Melton also complains that fines were assessed in the judgments, in spite of the plea agreement that no fine was to be assessed in either case. We point out the imposition of $249.25 on each case represents court costs, not fines.



NAME: MELTON,BRIAN KEITH                TDC NO: 01052738    UNIT: EA
                                        RACE: W

*PREV PRJ-REL-DATE:      03 27 2021
*PRES PRJ-REL-DATE:      03 27 2021     MAX-EXP-DATE:        03 27 2021
*INMATE STATUS:          S4 W           MAX TERM:            20 00 00


FLAT TIME CREDITED:      15 02 30       CALC BEGIN DATE:     03 27 01
GOOD TIME CREDITED:       5 06 23       TDC RECEIVE DATE:    08 16 01
BONUS TIME CREDITED:      0 00 00       GOOD TIME LOST:           940
WORK TIME CREDITED:       0 06 13       WORK TIME LOST:             0
*TOTAL TIME CREDITED:    21 04 06


*STATUS EFFECT DATE:     04 22 14    JAIL GOOD TIME RECEIVED: YES
PAROLE DATA: SUBMITTED FOR BOARD REVIEW

*MONTHLY ABSENCE CALCULATION*    31.0 ABSENCES FOR 05/16

ANY ERRORS IN THE NUMBER OF DAYS OF UNEXCUSED ABSENCES MUST BE
REPORTED TO THE ABSENTEE TRACKING COORDINATOR ON YOUR UNIT NO
LATER THAN SIX MONTHS FOLLOWING THE REPORTED MONTH.  FAILURE TO
REPORT ERRORS MEANS AGREEMENT WITH THE REPORTED ABSENCES.