

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,772-01

### EX PARTE DANNY LEE DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 93CR0220-E IN THE 148TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty years' imprisonment. His conviction was reversed on direct appeal. He was subsequently re-tried, convicted again, and sentenced to thirty-seven years' imprisonment.

In this habeas application, Applicant is seeking credit for time between the reversal of his first conviction and his re-trial and re-conviction, during which Applicant alleges he was continuously confined. Applicant alleges that he filed a motion for judgment *nunc pro tunc* in the trial court, but that the trial court has not ruled on that motion. Applicant subsequently sought relief

by way of mandamus in the Thirteenth Court of Appeals, as directed by this Court's opinion in *Ex parte Ybarra*, 149 S.W.3d 147, 148-149 (Tex. Crim. App. 2004). The Thirteenth Court of Appeals denied Applicant's mandamus petition in a memorandum opinion. *In re Danny Lee Davis*, No. 13-16-00061-CR (Tex. App. — Corpus Christi – Edinburg, January 27, 2016) (not designated for publication).

Applicant's claim is not the proper subject for Article 11.07 habeas review. An application for writ of habeas corpus under Article 11.07 may be used to raise a claim for pre-sentence time credit only if the applicant alleges that he is being illegally confined because he would have discharged his sentence if given the proper time credit. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). Applicant makes no such allegation in this case. The proper means of challenging an adverse ruling in an original mandamus proceeding in the court of appeals is by way of a writ of mandamus to this Court. *Hill v. Fifth Court of Appeals*, 67 .S.W.3d 177, 180 (Tex. Crim. App. 2001). Therefore, this application for writ of habeas corpus is dismissed.


Filed: October 19, 2016
Do not publish