In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00069-CR**
_____

**IN RE ROBERT LEE POOLE**

**Original Proceeding**
**128th District Court of Orange County, Texas**
**Trial Cause No. A910428-R**

**MEMORANDUM OPINION**

In this original mandamus proceeding Robert Lee Poole asks this Court to compel the trial court to enter a judgment nunc pro tunc.[1] Poole complains, "I was sentenced May 6, 1993, but on that date, in that hearing, on that document, I was

[1]Poole filed a procedurally defective petition. *See* Tex. R. App. P. 52.3. Additionally, he failed to certify that he served a copy of the petition on the State as the real party in interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

1

credited with 674 days['] time served, which would put my sentence begin date on July 2, 1991[.]"

Generally, the trial court's failure to award all of the defendant's jail time credit when the court pronounced sentence may be corrected by a judgment nunc pro tunc. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). He may seek mandamus relief if the trial court denies a meritorious claim for pre-sentence time credit. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). In this case, however, Poole has not shown that the judgment failed to award him credit for time spent in jail prior to sentencing. The petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on March 19, 2019
Opinion Delivered March 20, 2019
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

2