

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,042-01 & 91,042-02

### EX PARTE LEO PETER LAMOUNTAIN III, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-18-0193-E-WHC1 & CR-18-0792-E-WHC1
### IN THE 22ND DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to possession of a controlled substance and fraudulent use or possession of identifying information and was sentenced to ten and fifteen years' imprisonment, respectively. He did not appeal his convictions. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel, Anthony Rabago and Susan Schoon, failed to timely convey separate plea offers of seven and ten years. He also contends that his pleas were rendered involuntary because he was assessed $6,200.00 in court costs, fees, and

fines.

We remanded these applications for a response from Rabago (a sworn affidavit from Schoon was forwarded with the original record) and findings of fact and conclusions of law from the trial court. On remand, Rabago responded in a sworn affidavit. The trial court found Rabago's and Schoon's affidavits credible and concluded that Applicant had not demonstrated that Rabago and Schoon were deficient. The trial court also found that at punishment Applicant was found indigent and that attorney's fees should not have been assessed in his cases.

We agree that counsel were not deficient. Relief is denied. If the attorney's fees have not already been deleted from the judgments, Applicant can file motions for judgments *nunc pro tunc* in the trial court. If the trial court fails to respond, Applicant can file a mandamus application in the court of appeals. *See Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010).

Filed: August 19, 2020
Do not publish