**Dismiss and Opinion Filed June 13, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00270-CR**
**No. 05-22-00436-CR**

**DENNIS JEROME PIERCE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F02-24969-Q & F02-24968-Q**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Dennis Jerome Pierce was charged with two offenses of indecency to a child younger than 17 years. On June 13, 2003, the trial court deferred adjudication of guilt in F02-24969-Q (appellate cause number 05-22-00270-CR) and placed him on probation for ten years. He was adjudicated guilty on January 28, 2013 and sentenced to twenty years in prison. In F02-24968-Q (appellate cause number 05-22-00436-CR), the trial court found him guilty on June 13, 2003 and assessed punishment at seven years in prison. In a document dated March 25, 2022, appellant informed the Court he wished to appeal the "negative response via U.S. Mail from the 204th Judicial District Court of Dallas" regarding his request for judgment nunc pro tunc.

According to the documents attached to his notice of appeal, appellant filed a request for judgment nunc pro tunc in October 2021. For the reasons that follow, we dismiss these appeals.

Appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

Although appellant filed a motion for a judgment nunc pro tunc, the trial court did not sign and enter an appealable order. Therefore, appellant's notices of appeal do not confer jurisdiction upon this Court. *See Sanavongxay*, 407 S.W.3d at 259.

Furthermore, even if we construed the trial court's "negative response" as a denial of appellant's request for judgment nunc pro tunc, we would dismiss these appeals because an order denying a motion for judgment nunc pro tunc is not appealable. *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) ("We do not have appellate jurisdiction of the denial of a motion for judgment nunc

–2–

pro tunc."). The appropriate remedy for the denial of a motion for judgment nunc pro tunc is to file a petition for writ of mandamus in the court of appeals. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

Under these circumstances, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

220270f.u05
220436f.u05    /Cory L. Carlyle//
Do Not Publish    CORY L. CARLYLE
TEX. R. APP. P. 47.2(b)  JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DENNIS JEROME PIERCE,
Appellant

No. 05-22-00436-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F02-24968-Q.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 13th day of June, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DENNIS JEROME PIERCE,
Appellant

No. 05-22-00270-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F02-24969-Q.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 13th day of June, 2022.