

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00486-CR

**IN RE** John Bernard **WILLIAMS, III**

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
               Lori Massey Brissette, Justice
               Velia J. Meza, Justice

Delivered and Filed: August 20, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

On June 12, 2025, relator filed an appeal with this court seeking to challenge the denial of a motion nunc pro tunc signed on May 6, 2025.[2] On July 25, 2025, we denied that appeal because we lack jurisdiction to consider an appeal from an order denying a request for judgment nunc pro tunc. Rather, the proper procedure for challenging the denial of a motion for judgment nunc pro tunc is by a petition for writ of mandamus. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) ("If the trial court denied the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals.").

---

[1]This proceeding arises out of Cause No. 2019CR6240, styled *State of Texas v. John Bernard Williams, III*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Kristina Escalona presiding.
[2] *John Bernard Williams, III v. The State of Texas*, No. 04-25-00379-CR (Tex. App – San Antonio).

Relator next filed this petition for writ of mandamus on July 31, 2025. The petition does not comply with the rules applicable to mandamus petitions. *See* TEX. R. APP. P. 52.

The writ of mandamus is an extraordinary remedy that is subject to specific rules of appellate procedure. *See* TEX. R. APP. P. 52; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) ("Mandamus, on the other hand, is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court.") (internal quotations omitted). We may deny a petition for writ of mandamus for a failure to comply with the rules alone. *See e.g. In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App. 2003) (failure to comply with the rules governing mandamus is grounds for denial of the petition); *Wilson v. Stilley*, No. C14-92-00756-CV, 1992 WL 156577, at *1 (Tex. App. July 9, 1992) (same).

Relator has failed to comply with the rules applicable to a petition for this extraordinary remedy. The petition for writ of mandamus is **DENIED**.

PER CURIAM

DO NOT PUBLISH