**Opinion filed February 12, 2026**



## In The

# Eleventh Court of Appeals

_____

### No. 11-25-00269-CR

_____

## IN RE ALFRED LEE RICE JR.

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Alfred Lee Rice Jr., has filed a pro se petition for writ of mandamus in this court requesting that we compel the assigned judge of the 441st District Court of Midland County, Texas—the convicting court—to rule on his pending motion for judgment nunc pro tunc.

Between October 2024 and June 2025, Relator, who is incarcerated, sent by certified mail three identical motions for judgment nunc pro tunc to the Midland County District Clerk's Office, which were to be filed and submitted to the trial court.  By his motions, Relator sought to correct a clerical error in each of his 2019 judgments of conviction for sexual assault of a child.  *See Rice v. State*, No. 11-19-

00314-CR, 2021 WL 3923274, at *4 (Tex. App.—Eastland Sept. 2, 2021, no pet.) (mem. op., not designated for publication) (affirming Relator's convictions). Relator contended that he pled "not true" to the State's enhancement allegations when the judgments reflect that he pled "true." The trial court did not rule on Relator's first motion filed in October 2024. Relator filed his second motion in February 2025. Months elapsed with no ruling or other response. Relator filed a third motion in June 2025. After his motions were still pending by August 2025, Relator filed a letter in which he again requested a ruling.

When this mandamus proceeding was filed and docketed on September 22, 2025, we requested a response from the State. The Honorable James M. Rush was assigned to this case on December 22, 2025, and we provided him with the opportunity to respond after his assignment. To date, neither party has responded.

On September 10, 2025, prior to Relator filing his petition for writ of mandamus, he filed a notice of appeal in this court, which was docketed under appellate cause no. 11-25-00260-CR. While we must dismiss his direct appeal for want of jurisdiction as detailed in the opinion for that cause, we conclude that it is necessary to conditionally grant his petition for writ of mandamus in this cause because of the trial court's failure to rule on his motions within a reasonable time. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam) ("If the trial court denies the motion for judgment *nunc pro tunc* or fails to respond, relief may be sought by filing a[] [petition] for writ of mandamus in a court of appeals.").

To be entitled to mandamus relief, a relator must show (1) that he has no adequate remedy at law for obtaining the relief he seeks, and (2) that he has a clear right to the relief he seeks. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.

2

2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When the relief sought involves an act of a court, the relator must demonstrate that the act is ministerial, rather than judicial. *Powell*, 516 S.W.3d at 495. A trial court has a ministerial duty to rule on a properly filed motion within a reasonable time after the motion has been submitted to it. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Thereafter, if the trial court fails to rule, mandamus will issue to compel the trial court to enter a ruling on the motion. *Id*.; *see also In re Ortiz*, No. 11-22-00103-CR, 2022 WL 1497512, at *1 (Tex. App.—Eastland May 12, 2022, orig. proceeding) (mem. op., not designated for publication).

Whether a reasonable time has elapsed depends on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding). "[N]o bright-line demarcates the boundaries of a reasonable time period." *Id.* at 135. A reasonable time to rule depends upon "a myriad of criteria," such as the trial court's actual knowledge of the motions, its overt refusal to act, the state of the court's docket, and whether any other matters which must be addressed first exist. *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding).

Here, under the circumstances, Relator's motions and repeated requests for a ruling have gone unanswered for an unreasonable amount of time. We acknowledge that simply filing a motion does not necessarily show that the trial court had knowledge thereof. *See, e.g., In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) ("Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court."). However, the trial court has before it several filings in addition to a notification from the clerk of this

court that ruling on the motion would render the petition before us moot. Relator has therefore satisfied his burden to show that he is entitled to mandamus relief. *Ortiz*, 2022 WL 1497512, at *1.

Accordingly, we conditionally grant Relator's petition for writ of mandamus. Judge Rush is respectfully directed to enter a ruling on Relator's Motion For Nunc Pro Tunc Order. A writ of mandamus will issue only if Judge Rush fails to enter a ruling by March 16, 2026. *See* TEX. R. APP. P. 52.8(c).



W. BRUCE WILLIAMS

JUSTICE


February 12, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.