**Opinion filed February 12, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00260-CR

_____

**ALFRED LEE RICE JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR51461**

## M E M O R A N D U M   O P I N I O N

On September 10, 2025, Appellant, Alfred Lee Rice Jr., filed a pro se notice of appeal seeking to appeal the trial court's failure to rule on or otherwise respond to his motions for judgment nunc pro tunc. When this appeal was docketed, the clerk of this court informed Appellant by letter that it did not appear that he had a present right to appeal under the circumstances. We requested that Appellant respond and

show grounds to continue the appeal and informed him that the appeal was subject to dismissal. TEX. R. APP. P. 42.3. Appellant did not file a response.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 25.2(a)(2). A trial court's denial or failure to rule on a motion for judgment nunc pro tunc is not appealable. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam). Instead, "[i]f the trial court denies the motion for judgment *nunc pro tunc* or fails to respond, relief may be sought by filing a[] [petition] for writ of mandamus in a court of appeals." *Id.* We note that after Appellant filed a notice of appeal, he sought the same relief by filing a petition for writ of mandamus in this court, which is docketed under appellate cause no. 11-25-00269-CR. Because the trial court's failure to rule is not appealable, we are without jurisdiction to consider it on direct appeal. *See Florence*, 319 S.W.3d at 696.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

W. BRUCE WILLIAMS
JUSTICE

February 12, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.