Opinion issued April 20, 2017



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-17-00200-CR

———————————

**JOHN PRINCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 750376

## MEMORANDUM OPINION

In 1997, after appellant, John Prince, with counsel, pleaded guilty to the first-degree felony offense of cocaine possession, the trial court assessed his punishment at twenty years' confinement. The judgment of conviction, signed by the trial court on October 22, 1997, under trial court cause number 750376, stated that Prince's

sentence was "to run concurrent with cause #85307A in the 12th Judicial District Court of Avoyelles Parrish, Louisiana," and credited him with 191 days pre-sentence jail time credit. Prince did not appeal this judgment.

On February 21, 2017, Prince mistakenly filed a pro se notice of appeal in this Court from the same trial court cause number 750376. The Clerk of this Court forwarded Prince's notice of appeal to the district clerk, and it is deemed filed there on February 21, 2017. *See* TEX. R. APP. P. 25.2(c)(1). Prince's notice of appeal states that he is appealing from the district clerk's memo response to his "Motion for Nunc Pro Tunc and Order" (hereinafter, "Motion"), which was received by the district clerk on January 26, 2017, but he claims that the district clerk did not give him the date it denied his Motion. Although the district clerk included an unsigned certification of appellant's right of appeal, no box was checked, and there was no related order signed by the trial court in the clerk's record. Prince also filed two pro se motions requesting a free record and the appointment of counsel in this Court. We dismiss this appeal for want of jurisdiction and the motions as moot.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The Clerk of this Court requested a signed certification of appellant's right of appeal, if any, or an affidavit stating that no signed order relating to that certification exists in the district

clerk's file, to be filed by the district clerk in a supplemental clerk's record. *See* TEX. R. APP. P. 25.2(a)(2), (d), 37.1. On April 11, 2017, the district clerk filed a supplemental clerk's record in this Court including an affidavit confirming that there was no order signed by the trial court relating to that unsigned certification of appellant's right of appeal in the district clerk's records.

Although Rule 25.2(d) requires this Court to dismiss a criminal appeal when the appellate record does not contain a certification showing that appellant has the right to appeal, Rule 44.4 prohibits us from dismissing an appeal based on the lack of a valid certification if the appellant has a right to appeal. *See* TEX. R. APP. P. 25.2(d), 44.4(a); *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CRIM. PROC. CODE ANN. art. 44.02 (West 1977); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "A *nunc pro tunc* judgment is an appealable order under Article 44.02 if the appeal is timely filed." *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012); *see also Ex parte Ybarra,* 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (providing that appropriate remedy for order denying motion for judgment nunc pro tunc or failure of trial court to respond to such motion is to file mandamus petition in court

of appeals).[1]

However, here, Prince attempts to appeal, not from a trial court's signed nunc pro tunc judgment, but from the district clerk's memo response to his Motion requesting a nunc pro tunc judgment. A district clerk's memo response is akin to a docket entry because it is not an order signed or entered by the trial court and, thus, it is not appealable. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (holding that "entered by the court," under Texas Code of Criminal Procedure article 44.01(d), "encompasses the signing of an order by the trial judge") (citation omitted); *see, e.g.*, *Ford v. State*, No. 13-14-00466-CV, 2014 WL 6602307, at *1 (Tex. App.—Corpus Christi Nov. 20, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (noting that "[a] docket sheet entry is a memorandum made for the convenience of the trial court and the court clerk" and "may not take the place of a separate order, and a trial court's oral pronouncement is not appealable until a written order is signed") (citations omitted). Thus, the only appealable order in the clerk's record here is Prince's judgment of conviction signed by the trial court on October 22, 1997, for which any appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1).

---

[1] On March 30, 2017, Prince filed a pro se petition for writ of mandamus, under the underlying trial court cause number 750376, seeking to compel the respondent trial court judge to rule on his pending pro se Motion. This petition was assigned to appellate cause number 01-17-00225-CR.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2(d), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).