

# Fourth Court of Appeals
## San Antonio, Texas

April 6, 2018

No. 04-18-00206-CR

Remigio A. **MARTINEZ III**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2003CR5033
Honorable Lorina I. Rummel, Judge Presiding

# O R D E R

Appellant Remigio A. Martinez III filed a notice of appeal complaining that the trial court denied his motion for judgment nunc pro tunc.

"Neither the United States nor Texas constitution guarantees the right to appeal state criminal convictions." *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *accord Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). A defendant may appeal a state criminal conviction only as authorized by statute. *Griffin*, 145 S.W.3d at 646; *Phynes*, 828 S.W.2d at 2. "No statute vests [an appellate court] with jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc." *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. ref'd) (mem. op.); *accord Reyes v. State*, No. 04-12-00267-CR, 2012 WL 2602965, at *1 (Tex. App.—San Antonio July 5, 2012, no pet.) (per curiam) (mem. op., not designated for publication); *Wilson v. State*, No. 02-12-00382-CR, 2013 WL 257278, at *1 (Tex. App.—Fort Worth Jan. 24, 2013, no pet.) (mem. op., not designated for publication).

The proper remedy to obtain review of the denial of a motion for judgment nunc pro tunc is by petition for writ of mandamus. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

We ORDER Appellant to SHOW CAUSE in writing within TWENTY-ONE DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction.

Patricia O. Alvarez, Justice

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of April, 2018.

Keith E. Hottle
Clerk of Court