

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,451-02

### EX PARTE RYAN JAMES LOWE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W16-53997-U(B) IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was indicted in State court for unlawful possession of a firearm by a felon. He says that he was later indicted in Federal court for being a felon in possession of a firearm, *United States v. Lowe*, No. 3:16-cr-00368-D-1 (USDC Northern Dist. Tex. [Dallas Div.]), and that he pled guilty in both the State and Federal prosecutions. In this habeas application, Applicant contends that his guilty plea in the State prosecution was involuntary because the plea agreement is being breached and that he is being denied proper time-credits on the State sentence.

Regarding the time-credit claim, Applicant alleges that he is entitled to pre-sentence jail-time credit. The appropriate procedure for questioning this credit is for an applicant to present the issue to the trial court by way of a *nunc pro tunc* motion. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004). This claim is dismissed. Regarding the claim of a breached plea agreement, the agreement in the State prosecution called for the State sentence to run concurrently with the Federal sentence, but Applicant claims that this provision is not being honored. *See Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985); *Ex parte Moody*, 991 S.W.2d 856 (Tex. Crim. App. 1999). Applicant has alleged facts that, if true, might entitle him to relief.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve whether Applicant's plea agreement has been breached. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the plea agreement has been breached and that his guilty plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish